UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RODNEY R..,

                Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

20-CV-01537-MJR
DECISION AND ORDER

      Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 13)

      Plaintiff Rodney R.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 9) is granted, defendant's motion (Dkt. No. 11) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, Plaintiff is identified by first name and last initial.

*Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The

or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.*

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 26). The ALJ found other jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26-27). Therefore, the ALJ found that Plaintiff was not disabled or entitled to benefits. (Tr. 27).

IV.     *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the ALJ erred by relying on a stale medical opinion and the case must therefore be remanded. The Court agrees.

"[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Carney v. Berryhill*, 2017 WL 2021529, *6 (W.D.N.Y. 2017) (*citing Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted)). A medical opinion is stale where does not account for the claimant's deteriorating condition. See, e.g., *Pagano v. Comm'r of Soc. Sec.*, 2017 WL 4276653, *5 (W.D.N.Y. Sept. 27, 2017) ("A stale medical opinion, like one that is rendered before a surgery, is not substantial evidence to support an ALJ's finding."); *Gray v. Colvin*, No. 1:16-CV-00231 (MAT), 2017 WL 562152, at *3 (W.D.N.Y. Feb. 11, 2017) (remanding because ALJ relied on a stale medical opinion; after the opinion was given but before the ALJ's decision, plaintiff underwent a second knee surgery); *Girolamo v. Colvin*, 2014 WL 2207993, *7-8 (W.D.N.Y. May 28, 2014) (finding that the ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, *2 (E.D.N.Y. Aug. 22, 2012) (finding that the ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition").

Given the ALJ's reliance on the stale opinion of Dr. Liu, the RFC determination and disability decision are not supported by substantial evidence. While the ALJ did address the Plaintiff's subsequent knee replacement and knee problems in his decision (Tr. 24), he simply interpreted the raw medical data and examination results and crafted his RFC findings based on his own lay judgment of the record. This was error. See *Davis v. Berryhill*, No. 6:16-CV-06815 (MAT), 2018 WL 1250019, at *3 (W.D.N.Y. Mar. 11, 2018) ("In this case, where the medical assessments relied upon by the ALJ were stale and based on an incomplete medical record, the ALJ could not remedy that deficiency by making the connection between the medical records and Plaintiff's functional limitations herself.").

"[A]n ALJ is not a medical professional, and 'is not qualified to assess a claimant's RFC on the basis of bare medical findings.'" *Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 411, 416 (W.D.N.Y. 2019) (quoting *Ortiz v. Colvin*, 298 F.Supp.3d 581, 586 (W.D.N.Y. 2018)). "Thus, even though the Commissioner is empowered to make the RFC determination, '[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities,' the general rule is that the Commissioner 'may not make the connection himself.'" *Perkins v. Berryhill*, No. 17-CV-6327-FPG, 2018 WL 3372964, at *3 (W.D.N.Y. July 11, 2018); *Hillyard v. Comm'r of Soc. Sec.*, 2020 WL 429136, *4 (W.D.N.Y. Jan. 27, 2020) ("[T]the ALJ may not interpret raw medical data in functional terms.") (quotation omitted). "In other words, an ALJ's ability to make inferences about the functional limitations that an impairment poses does not extend beyond that of an ordinary layperson." *Hayes v. Comm'r of Soc. Sec.*, No. 18-CV-963-FPG, 2020 WL 728271, at *3

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 11) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   September 23, 2022
         Buffalo, New York

                                                                          _____
                                                                          MICHAEL J. ROEMER
                                                                          United States Magistrate Judge